# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| TRACY DAMRON,<br>Plaintiff, | Case No. 1:13-cv-565 |
| vs | Weber, J.<br>Litkovitz, M.J. |
| DONALD MORGAN, et al.,<br>Defendants. | **REPORT AND<br>RECOMMENDATION** |

Plaintiff, a prisoner in state custody at the Southern Ohio Correctional Facility (SOCF) in Lucasville, Ohio, brings this *pro se* civil rights action under 42 U.S.C. § 1983. By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v.*

*Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall,* 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin,* 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke,* 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)); *see also Hill,* 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly,* 550 U.S. at 555 (quoting *Papasan v. Allain,* 478 U.S. 265, 286

(1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Plaintiff brings this action against SOCF's Warden, Donald Morgan, and numerous state correctional officials and employees. (*See* Doc. 1, p. 4). The handwritten complaint is rambling and difficult to read. Plaintiff alleges that the instant matter is linked to a case he filed in 1986 complaining of a beating he received in West Virginia when his hands were cuffed behind his back. (*See id.*, pp. 5, 7). Plaintiff claims that when he moved to Ohio, law enforcement in West Virginia "called Ohio and told state police in Ohio . . . to get me on anything they could so they started pulling me over every time they saw me." (*Id.*). Plaintiff alleges that, among other things, the officers accused him of drinking and endangering his children. (*Id.*). Plaintiff also alleges that the "grand marshal" and Sheriff's Office "set up" a person involved in "corrupt activity" and "let him be a detective." (*Id.*). Plaintiff states that the detective "had some girl and other guys come to my old trailer and made a sex movie and said it was me and my wife." (*Id.*). The next set of allegations are difficult to follow. Construing the complaint liberally, it appears that plaintiff is claiming that he and his wife were arrested and taken to jail in 1995 on a trumped-up rape charge for having sex with a minor and that, although the detective lied and there was no "physical proof" to support the charge, he entered a guilty plea and was sent to prison because "they had custody over our kids and they would put them in homes and we would

3

never see them again." (*See id.*, pp. 5-6, 7).

Plaintiff continues by complaining of his treatment at SOCF, where he is now incarcerated. (*Id.*, p. 6). Specifically, plaintiff alleges:

> [T]hey are letting inmates cell bang on me and try to get me murdered[.] The COs are paying inmates to not help me or bond me out, they put you in the shower and give you a blood bath—witch is an acid bath, they target people with sex cases, and make money off killing them, they make false sex vid[e]o of them and sell them to the underworld overseas and they take your name out of the computer and say you never was here[.] The[y] shuf[f]le paperwork around and say your either on the [undecipherable] or you committed suicide. They have killed many of them in R.T.M. I have witnesses some staff members, I'm trapped on this range and they are going to kill me.

(*Id.*). Plaintiff further claims in added pages that he has been placed "under mind control" and was beaten and thrown down stairs "on or about 7/10/13." (*Id.*, p. 8). Plaintiff complains about his treatment when he was taken by ambulance to a hospital in Kentucky, as well as his treatment at the hospital and when he was taken back to the prison in a wheelchair. (Id.). Plaintiff alleges that the correctional officer identified as "Salsbery," who was pushing his wheelchair, tried to "flip me out of it." (*Id.*). Plaintiff avers that Salsbery also laughed at him when he began to feel sick and "about to throw up." (*Id.*). In the final page of the complaint, plaintiff alleges that "they are torturing me with electrodes," will not allow his mail to go out, and are "putting rat poison in my food." (*Id.*, p. 9). Plaintiff also alleges that "they" are using cell phones to cut holes in his brain, "my frontal lobe and the back of my head." (*Id.*).

Plaintiff has not identified the type of relief he is seeking in the substance of the complaint. However, he has indicated that he would like "all charges" to be dropped. (*See id.*, p. 6).

Plaintiff's allegations are insufficient to state a claim for relief under 42 U.S.C. § 1983 against the named defendants.

4

As an initial matter, plaintiff has failed to state a claim upon which relief may be granted to the extent he alleges a violation of his civil rights by state agents based on incidents beginning in 1986, which occurred over two years before this action commenced. Plaintiff's complaint is governed by Ohio's two-year statute of limitations applicable to personal injury claims. *See, e.g., Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989) (holding that the "appropriate statute of limitations for 42 U.S.C. § 1983 civil rights actions arising in Ohio is contained in Ohio Rev. Code § 2305.10, which requires that actions for bodily injury be filed within two years after their accrual"); *see also Zundel v. Holder*, 687 F.3d 271, 281 (6th Cir. 2012) (stating that the "settled practice . . . to adopt a local time limitation as federal law if it is not inconsistent with federal law or policy to do so" is applicable "to § 1983 actions and to *Bivens* actions because neither the Federal Constitution nor the § 1983 statute provides timeliness rules governing implied damages"). *Cf. Fraley v. Ohio Gallia Cnty.*, No. 97-3564, 1998 WL 789385, at *1-2 (6th Cir. Oct. 30, 1998) (holding that the district court "properly dismissed" the *pro se* plaintiff's § 1983 civil rights claims as frivolous under 28 U.S.C. § 1915(e)(2)(B) because the complaint was filed years after Ohio's two-year statute of limitations had expired); *Anson v. Corr. Corp. Of America*, No. 4:12cv357, 2012 WL 2862882, at *2-3 (N.D. Ohio July 11, 2012) (in *sua sponte* dismissing complaint under 28 U.S.C. § 1915(e), the court reasoned in part that the plaintiff's *Bivens* claims asserted "six years after the events upon which they are based occurred" were time-barred under Ohio's two-year statute of limitations for bodily injury). Therefore, plaintiff's claims are time-barred to the extent that plaintiff is seeking relief based on causes of action that accrued before July 7, 2011—*i.e.*, two years prior to the date he signed the instant complaint.

In addition, plaintiff's allegations fail to state a viable claim for relief under § 1983 to the

5

extent that plaintiff seeks to challenge his Ohio rape conviction and sentence and requests as relief that the criminal charges be dropped and that he be released from state custody. Plaintiff's sole federal remedy for obtaining release from confinement and the reversal of his state conviction and sentence is a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 after he has exhausted his state court remedies. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Hadley v. Werner*, 753 F.2d 514, 516 (6th Cir. 1985). Furthermore, even assuming that plaintiff seeks relief in the form of damages, he is precluded from doing so because a ruling in his favor would necessarily cast doubt on the validity of his state conviction and sentence. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994); *Cummings v. City of Akron*, 418 F.3d 676, 682-83 (6th Cir. 2005); *Schilling v. White*, 58 F.3d 1081, 1085-86 (6th Cir. 1995).

In *Heck*, the Supreme Court ruled that a § 1983 civil rights action seeking money damages on the basis of an allegedly unconstitutional conviction or sentence will not lie unless the plaintiff has already succeeded in having the conviction or sentence invalidated. *Heck*, 512 U.S. at 486–87. Under *Heck*, when a successful § 1983 civil rights action for damages would necessarily imply the invalidity of a plaintiff's conviction or sentence, the complaint must be dismissed unless the plaintiff demonstrates that the decision resulting in his confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. *Heck*, 512 U.S. at 486-87; *see also Edwards v. Balisok*, 520 U.S. 641, 643 (1997). The same principle enunciated in *Heck* with respect to § 1983 claims also applies to conspiracy claims brought under 28 U.S.C. § 1985. *See Lanier v. Bryant*, 332 F.3d 999, 1005-06 (6th Cir. 2003); *Mason v. Stacey*, No. 4:07cv43, 2009 WL 803107, at *7 (E.D. Tenn. Mar. 25, 2009) (and cases cited therein).

It appears clear from the face of the complaint that plaintiff's Ohio rape conviction and sentence still stand and have not been overturned or invalidated in accordance with *Heck*. Because a successful challenge against state agents in effectuating plaintiff's arrest, prosecution and criminal conviction in Ohio would necessarily imply the invalidity of the underlying conviction and sentence, any claim by plaintiff for damages is barred by *Heck*. Therefore, to the extent that plaintiff seeks to bring a cause of action under § 1983 attacking the constitutionality of his state prosecution and resulting conviction and sentence, he has not stated a claim upon which relief may be granted by this Court.

Finally, to the extent that plaintiff seeks to bring a cause of action against SOCF's Warden and numerous correctional officials based on allegations of mistreatment at SOCF within the past two years, his complaint is subject to dismissal at the screening stage to the extent that the cause of action is based on delusional allegations. Moreover, although not all of plaintiff's allegations of mistreatment at SOCF rise to the level of "delusional," plaintiff does not refer to any of the named defendants, except for "Salisbery," in the substance of the complaint. Therefore, the complaint fails to give "fair notice of what the claim" against each such defendant "is and the grounds upon which it rests." *See Erickson*, 551 U.S. at 93. Finally, the sole allegation against correctional officer Salisbery for trying to flip plaintiff out of his wheelchair and laughing at plaintiff when plaintiff felt like throwing up, does not rise to the level of deliberate indifference or cruel and unusual punishment under the Eighth Amendment. Therefore, plaintiff's allegations against that one defendant are insufficient to state an actionable claim for relief under § 1983.

Accordingly, in sum, the undersigned concludes that the plaintiff's complaint is subject to dismissal at the screening stage because his claims brought under 42 U.S.C. § 1983 are frivolous,

fail to state a claim upon which relief may be granted, or are barred from review on statute-of-limitations grounds or by the Supreme Court's *Heck* decision.

### IT IS THEREFORE RECOMMENDED THAT:

1. The plaintiff's complaint be **DISMISSED** with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

2. Pursuant to 28 U.S.C. § 1915(a)(3) and for the foregoing reasons, the Court certifies that an appeal of this Order would not be taken in good faith, and therefore, denies plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Date: 10/2/13

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TRACY DAMRON,
    Plaintiff,

vs

DONALD MORGAN, et al.,
    Defendants.

Case No. 1:13-cv-565

Weber, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

cbc